[No. 5106.]
[No. 2687 C. A.]

THE GOODYEAR INDIA RUBBER GLOVE MANUFACTURING COMPANY v. THE APPEL CLOTHING COMPANY ET AL.

**Sales—Rescinding—Replevin—Conditions Precedent.**

Where, in an action to replevin goods from chattel mortgagees upon the ground that such goods had been fraudulently procured from plaintiff by the mortgagor and that the mortgagees were cognizant of such fact, there was no proof showing that any representations were made by the purchaser as to its solvency or insolvency, or as to its knowledge of its condition, or as to the intention with which it purchased the goods, the court properly directed a verdict for defendants.—P. 537.

*Appeal from the District Court of Arapahoe County. Hon. John I. Mullins, Judge.*

Action by The Goodyear India Rubber Glove Manufacturing Company against The Appel Clothing Company, The First National Bank of Denver,

D. H. Moffat, and Otto Mears, Agent. From a judgment in favor of defendants, plaintiff appeals.

*Affirmed.*

Messrs. BICKSLER, McLEAN & BENNETT, for appellant.

Mr. CHARLES J. HUGHES, Jr., and Mr. GERALD HUGHES, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action of replevin instituted by appellant, to recover the possession of certain goods in the possession of appellees, under and by virtue of certain chattel mortgages, executed by appellee, The Appel Clothing Company.

In substance, the complaint alleged that, in the months of May and July, 1896, The Appel Clothing Company applied to plaintiff to purchase goods on credit, and, at that time, represented that it was solvent and fully able to pay therefor; that, relying upon such representations, plaintiff parted with the possession of the goods, and delivered them to the clothing company; that such representations were false, and so known to be by the clothing company, and were made with the intention to deceive and defraud plaintiff; that the purchase of such goods was made with the intention to defraud plaintiff of them and their value, and without intention to pay therefor; that, at the time the goods were purchased, the clothing company was insolvent, and knew of its insolvency, and that the goods were ordered and received by the clothing company with the intention and design not to pay therefor; that, prior to the commencement of suit, plaintiff elected to rescind, and did rescind, the sale, and demanded possession of the goods from The Appel Clothing Company and the agent of the mortgagees in possession thereof;

that appellees knew of their own knowledge, at and before the mortgages were executed, that the clothing company was insolvent, had not paid for the goods, and did not intend to pay for the goods, when the same were ordered and received by it from the plaintiff.

The answer was a general denial, and a further defense unnecessary to state.

At the trial, which was to the court and a jury, no evidence whatever was introduced to prove or tending to prove that any representations whatever were made by the clothing company at the time of the purchase as to its solvency or insolvency, as to its knowledge of its solvency or insolvency, or as to the intention with which it purchased the goods. In fact, there was an entire absence of evidence to prove any of the essential matters upon which the right of a vendor to rescind a sale is based, and upon which a recovery herein could have been predicated.

The only evidence in the record in any manner relating to any of the matters alleged in the complaint, upon which the right to rescind was predicated, was that of a purchasing agent of the clothing company, in which he detailed a conversation which he had with the president of the clothing company in July, following the purchase of the goods. This testimony did not, in any manner, relate to any representations which were claimed or pretended to have been made by the clothing company to appellant, or anyone else, at the time the goods were purchased, which was May 14, 1896.

There was no error in the ruling of the court directing the jury to return a verdict in favor of defendants at the close of plaintiff's testimony.

The judgment will be affirmed.      *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.